## George Kellar v. L. E. Nelson et al.

1. Practice—*Result of a Defective Bill of Exceptions.*—Where the bill of exceptions does not purport to contain all the evidence, and does not contain any exception to any ruling of the trial court, nor any exception to the finding of the court or to the judgment, and there is nothing in the record showing that it was ever filed in the office of the clerk of the court below, the record presents nothing for the consideration of this court.

Action on a Bond.—Appeal from the Circuit Court of Iroquois County; the Hon. Robert W. Hilscher, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

Kellar v. Nelson.

CRANGLE & VENNUM, attorneys for appellant.

CAREY & SAUM and MORRIS & HOOPER, attorneys for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

L. E. Nelson and Jacob Meis entered into a contract whereby Nelson agreed to build a dwelling house for Meis for a certain consideration therein named. Nelson, with Ferdinand Leanhardt as surety, executed a bond to Meis in the penal sum of $3,000, conditioned that Nelson should duly perform said contract and all covenants and agreements therein contained and should pay and discharge said premises from all liens for material, labor or otherwise, accruing on account of said building contract. Nelson bought $25.12 worth of material from George Kellar. This bill not being paid, Kellar brought this suit before a justice of the peace against Nelson and Leanhardt upon said bond. Kellar recovered judgment against both defendants and they appealed to the Circuit Court, where the case was tried without the intervention of a jury. On appeal in the Circuit Court Kellar recovered judgment for $25.12 and costs against Nelson alone, and Leanhardt recovered judgment for costs against Kellar, who brings the case to this court by appeal.

The bill of exceptions does not purport to contain all the evidence, nor does it contain any exception to any ruling of the trial court, nor any exception to the finding of the court or to the judgment. No exception being saved to the ruling of the court here assigned for error, and the bill of exceptions failing to recite that it contains all of the evidence heard upon the trial, no question is presented for our determination. Moreover there is no statement anywhere in the record that the document that we have called the bill of exceptions is a bill of exceptions, nor is there anything to show that it was ever filed in the office of the clerk of the court below. The record presents nothing for our consideration and the judgment of the Circuit Court is affirmed.